**Conrad A. FISCHER, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 8930.

United States Court of Appeals Fourth Circuit.

Argued June 5, 1963.

Decided June 10, 1963.

were heard together both in the Tax Court and here.

418

R. Carleton Sharretts, Jr., Baltimore, Md., for appellant.

Bernard J. Schoenberg, Atty., Dept. of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Joseph D. Tydings, U. S. Atty., and Robert W. Kernan, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

PER CURIAM.

The taxpayer, Fischer, filed an action for refund of cabaret taxes paid in the first two quarters of 1958. The United States filed a counterclaim for deficiencies of cabaret tax, which it claimed to be due for earlier years. The taxpayer has appealed from the judgment entered in favor of the United States upon the verdict of a jury to which all factual issues were submitted.

The District Court's submission of the issues to the jury was full and fair. At the time, the taxpayer voiced no objection to the charge. He finds it unobjectionable on appeal. He does complain of an apparent shift, at least in part, of the Government's legal theory as contrasted with the legal theory originally voiced by the revenue agent.[1] and of inability to determine by precise mathematical calculations what underlying findings of fact led the jury to arrive at the verdict it returned.[2] Specifically, he complains that there was testimony that on some nights there was no dancing, though there was an orchestra present. Such instances were rare, however, and there was other testimony that there was dancing to music produced mechanically when there was no orchestra present.

The essence of the taxpayer's complaint appears to be that, in his view, the verdict, to some degree, is against the weight of the evidence. He sought a new trial on that ground, which was denied by the District Court. We, of course, have no such discretionary power to award new trials on the basis of our notions of the weight of the evidence, and an order overruling a motion for a new trial on that ground is ordinarily not appealable.

It is apparent to us, however, that there was abundant basis for the Court's discretionary determination that the motion for a new trial was unfounded. The verdict appears to be in accordance with the weight of the evidence, not against it.

Affirmed.

1. The shift was required by the Court's refusal to charge the initial theory advanced by the revenue agent, and the case was submitted on the alternative theory, quite properly so, for the taxpayer is unable to find fault with that governing legal theory as explained to the jury by the Court.

2. The jury's verdict was in the amount of the Government's claim, reduced by thirteen per cent. The Government's claim was that the twenty per cent cabaret tax was due on all gross sales during nights when the taxpayer provided orchestral music and dancing space for his customers. After the investigation was begun, it was found that during the first two quarters of 1958, eighty-seven per cent of the gross sales were made after the orchestra began to play, while thirteen per cent of the gross sales were made earlier. The Court had instructed the jury that the carbaret tax was not due with respect to sales made when, because of the absence of music or dancing space, the customers had no opportunity to participate in or observe, dancing.