**SERVICE TRUCKING CO., Inc.,**
**Appellant,**

**v.**

**UNITED STATES of America,**
**Appellee.**

**No. 9706.**

United States Court of Appeals
Fourth Circuit.

Argued Feb. 5, 1965.

Decided June 28, 1965.

Herbert L. Awe, Washington, D. C. (John M. Skilling, Jr., Washington, D. C., on brief), for appellant.

Robert I. Waxman, Attorney, Department of Justice (Louis F. Oberdorfer, Asst. Atty. Gen., and Lee A. Jackson and I. Henry Kutz, Attorneys, Department of Justice, and Thomas J. Kenney, U. S. Atty., and Robert W. Kernan, Asst. U. S. Atty., on brief), for appellee.

Before SOBELOFF, BRYAN and J. SPENCER BELL, Circuit Judges.

SOBELOFF, Circuit Judge:

A taxpayer's unsuccessful suit for refund of federal income and social security taxes paid for the year 1958 is the basis of this appeal. The District Court entered judgment against the taxpayer on a jury verdict and denied motions for judgment notwithstanding the verdict and for a new trial.

■ Under the Internal Revenue Code every employer is required to withhold certain taxes from wages paid to "employees." §§ 3101, 3111 & 3402, Int. Rev.Code of 1954. The term "employee" is then defined as:

"any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee." § 3121(d) (2), Int.Rev. Code of 1954.

The issue presented is whether the persons hired to unload the taxpayer's trucks were its "employees" within the meaning of the Code, thereby obligating it to withhold taxes payable by the employees from their wages. Such a question is submissible to a jury, unless "reasonable men could not reach differing conclusions on the issue." Baker v. Texas P. R. Co., 359 U.S. 227, 228, 79 S.Ct. 664, 665, 3 L.Ed.2d 756 (1959).

The evidence adduced before the jury may be briefly summarized. The taxpayer, a common carrier engaged in commerce in thirty-one states, has its principal place of business in Federalsburg, Maryland. Taxpayer's operation consists of picking up, transporting, delivering and unloading goods which it contracts to haul. Under the usual agreement with its customers, the taxpayer is required to deliver the cargo to the loading dock of the consignee at the place of destination and to unload it. The carrier is responsible for the condition of the cargo during the unloading and until it comes into the possession of the consignee or his warehouse.

To perform the unloading phase of its operation in cities where it does not maintain a terminal the taxpayer authorizes its drivers to hire certain individuals, commonly referred to as "gypsy chasers" or "unloaders." At some point near the terminal the unloaders are hired by the driver for a fee negotiated with them by the driver. The cost of hiring the unloaders is met by the driver out of the travel allowance provided him for the purpose by the taxpayer. The driver then moves his truck to the loading dock. If the unloader is experienced, he begins at once to unload the truck. If the unloader is inexperienced, the driver instructs him as to the proper technique to be used in the particular warehouse; or if the driver is also new to the terminal, the instruction is given by the warehouseman.

Usually the driver watches the unloader for a few minutes to make sure that he knows how to do his work. Then the driver may leave the rear of the truck and go to sleep in the cab, or he may leave the truck to get something to eat. Supervision was shown to be minimal because of the nature of the unloading job and the fact that the unloaders are usually familiar with the standards of the particular warehouse. The unloader could be dismissed by the driver for inefficiency, negligence or intoxication, though such situations rarely arose.

The evidence thus supplied a basis for the jury to find that the driver had the power to control the manner in which the truck was unloaded, that the unloaders supplied no tools, and that the job required little skill. There is no indication in the record that the unloaders made a profit by subcontracting out the work. Together these factors tend to indicate that the unloaders are employees rather than independent contractors. See Enochs v. Williams Packing Co., 370 U.S. 1, 3, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). The taxpayer, on the other hand, arguing that the unloaders are independent contractors points to the facts that the unloader determines the speed at which he works, the number and timing of his breaks, the helpers, if any, he uses and his dress; the warehouse supervisor determines how the cargo is to

be stacked; the employment is on a job rather than hourly basis and involves no degree of permanency.

The facts stressed by the taxpayer indicate at most that the question of the unloaders' status is a debatable one, that is, one upon which reasonable men could differ. It cannot reasonably be said that this record points indisputably to but a single answer. If such were the case it would have been the duty of the Judge to grant a peremptory instruction to the jury. But analysis of the facts warrants different determinations depending on the relative weight and significance the fact finder attaches to various circumstances shown. The question was properly left to the jury, for in the system prevailing in federal trials this is within the jury's province, not that of the judge. Weighing the above facts and the conflicting inferences deducible therefrom, the jury found that the unloaders were employees of the taxpayer, not independent contractors. In this situation we are required to affirm the judgment based upon the jury's resolution of the issue in favor of the Commissioner of Internal Revenue. Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218 (1960).

 It is the taxpayer's further contention that the judgment below should be reversed because the District Judge failed to give the following requested instructions: (1) that the jury should consider whether the driver could order the unloader to do any labor other than unloading; (2) that the unloader was paid by the day rather than by the hour; (3) that employees, as opposed to independent contractors, generally serve only one employer; and (4) that the unloaders often used helpers. These omissions were not prejudicial. The first two were not determinative since an employee is often hired for one job only and paid on a piece-work basis, and while the charge did not specifically call attention to these factors, it did not preclude their consideration. The latter two were substantially covered in the charge given.

The taxpayer makes various other criticisms of the charge, but reading the charge as a whole we find it to be entirely fair to the taxpayer's position. The judgment will be

Affirmed.