**Donald H. COWEN, Appellant,**

v.

**Warren Sullivan FULTON, Appellee.**

**No. 12780.**

United States Court of Appeals
Fourth Circuit.

Feb. 14, 1969.

## 94

Homer W. King, Pittsburgh, Pa., and R. Palmer Willcox, Raeford, N. C., on brief, for appellant.

Fred W. Bynum, Jr., and Leath, Bynum, Blount & Hinson, Rockingham, N. C., on brief, for appellee.

Before BRYAN, WINTER and BUTZNER, Circuit Judges.

**PER CURIAM:**

Injured gravely when the automobile operated by him was struck in the rear, while stopped on the night of October 4, 1964 upon State highway 401 in Laurenburg, North Carolina, Donald H. Cowen sued Warren Sullivan Fulton, the driver of the other car, to recover pecuniary damages for his personal injuries and losses, and for the destruction of his car. The jury, on special interrogatories, found each driver negligent, their carelessness jointly and proximately causative of the distressing consequences. On this verdict, inasmuch as in North Carolina the plaintiff's contributory negligence bars his claim, judgment went for the defendant Fulton. Presnell v. Payne, 272 N.C. 11, 157 S.E.2d 601, 602 (1967).

Plaintiff appeals, assigning error of trial in the failure of the Court to charge upon last clear chance and on its availability to him. Confessing omission of a request or exception on this point to the District Judge, he seeks remission of the preclusion of relief in F.R.Civ.P. 51.[1] His argument is a plea that absence of the instruction constituted a basic and fundamental deprivation of the plaintiff's rights. In the circumstances here we do not accept this contention, but nevertheless with it in mind we have reviewed the submission by the District Court. We think it quite adequately laid before the jury, though not by that designation, the principles of last clear chance, in outlining the reciprocal duties of the drivers.

The judgment on appeal will not be unsettled.[2]

Affirmed.

---

1. "* * * No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. * * *"

2. As the plaintiff was a member of the Armed Services, the United States intervened to capture, from any recovery awarded him, reimbursement for the medical and other remedial services provided the injured soldier by the Government. As his claim did not succeed, the intervention is of no importance.