**SECURITY STORAGE AND VAN COMPANY OF NORFOLK, VIRGINIA, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 74–1912.**

United States Court of Appeals, Fourth Circuit.

Argued March 7, 1975.

Decided Oct. 6, 1975.

Stanley G. Barr, Jr., Norfolk, Va., for appellant.

John G. Manning, Atty., Tax Div., U. S. Dept. of Justice (Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Meyer Rothwacks, Attys., Tax Div., U. S. Dept. of Justice, David H. Hopkins, Jr., U. S. Atty., on brief), for appellee.

Before BUTZNER and WIDENER, Circuit Judges, and CLARKE, District Judge.*

WIDENER, Circuit Judge:

Appellant taxpayer, Security Storage & Van Company of Norfolk, Virginia, appeals from a judgment for the United States in a civil action brought by appellant seeking a refund of payment of $27,135.80 in federal employment taxes and interest.

* Eastern District of Virginia, sitting by designation.

The question presented in the district court was whether certain workers were employees or independent contractors.[1] The jury found them to be employees and accordingly employment taxes were due on account of payments to them for their work.

The sole issue raised in this appeal is whether the district court erred in refusing to instruct the jury that the right to discharge a worker without cause is a factor to be considered in determining whether the worker is an employee or independent contractor. We hold that the failure to give the requested charge was error and accordingly reverse.

The workers in question, commonly known as gypsy chasers, engage in the loading and unloading of furniture moving vans. They meet or get in touch with the drivers of the vans at truck stops and similar meeting places and make arrangements to load or unload a van, usually for a fixed compensation. The work is on a single van basis, with no continuing work agreement.

Two of Security's van drivers testified that they did not believe that they had the right to dismiss the gypsy chasers without cause.

Based on this, plaintiff requested that the court charge the jury that whether or not Security had the right to discharge without cause was a factor to be considered in determining whether the gypsy chasers were employees or independent contractors. The court refused to give the instruction.

The relevant sections of the Internal Revenue Code of 1954, Title 26 U.S.C., are Chapters 21 (Federal Insurance Contributions Act) 26 U.S.C. § 3101 et seq., 23 (Federal Unemployment Tax Act) 26 U.S.C. § 3301 et seq., and 24 (Collection of Income Tax at Source on Wages) 26 U.S.C. § 3401 et seq. of Subtitle C. The applicable Treasury Regulations for these chapters all state in the same words that: "The right to discharge is also an *important* factor indicating that the person possessing that right is an employer." 26 CFR § 31.3121(d)–1(c)(2) (Federal Insurance Contributions Act); 26 CFR § 31.3306(i)–1(b) (Federal Unemployment Tax); and 26 CFR § 31.-3401(c)–1(b) (withholding of income tax). (Italics added)

Further, the right to discharge is recognized at common law as a factor in determining whether a person is an employee, e. g. *A. C. L. Ry. Co. v. Tredway's Administratrix,* 120 Va. 735, 744–45, 93 S.E. 560 (1917); and 26 U.S.C. § 3121(d)(2) defines "employee" as "any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee."

In *Bonney Motor Express, Inc. v. United States,* 206 F.Supp. 22 (E.D.Va. 1962), a case that also dealt with gypsy chasers, the court recognized that the right to discharge without cause was a factor which should be considered in determining if a person is an employee.

In view of the language of the statute, the applicable Treasury Regulations, the common law rule, and the *Bonney Motor* decision, we are of opinion the district court should have instructed the jury as to the right to discharge without cause.

The requested instruction was not substantially covered in the charge given. Cf. *Service Trucking Co., Inc. v. United States,* 347 F.2d 671, 673 (4th Cir. 1965). The charge in no place mentioned the right to discharge.

The judgment of the district court is accordingly reversed and the case is remanded to the district court for a new trial in accordance with this opinion.

*Reversed and remanded.*

BUTZNER, Circuit Judge (dissenting):

I believe that the taxpayer did not lay an adequate foundation for his requested instruction that the right to discharge without cause is a factor to be considered in determining whether the workers were employees or independent

---

1. The taxes involved here are on the wages of employees, not on payments to independent contractors.

contractors. Even if proper foundation had been laid, the instructions as a whole sufficiently informed the jury of the difference between an employee and an independent contractor.

As evidentiary support for the requested instruction, the taxpayer's counsel asked two of the van drivers whether they had the right to fire a gypsy chaser "for just no reason," or "for just no reason at all." Both replied that they did not. These questions and answers, however, do not support the inference that the gypsy chasers were independent contractors whose services could be terminated only for breach of contract. When the drivers responded that they could not fire the gypsy chasers for no reason, they did not necessarily imply that they could only dismiss them for cause amounting to a breach of contract. They may as well have meant simply that, having offered a man a job, they would not fire him without any reason at all for doing so. This is the realistic interpretation of the testimony, as opposed to the legalistic construction which the taxpayer seeks to place upon it.

The drivers were the taxpayer's representatives for dealing with the gypsy chasers, but there is no evidence that the taxpayer, who had the burden of proof, instructed them that they could not discharge the gypsy chasers without cause. Indeed, in refusing the charge, the district court perceptively pointed out that evidence had not been presented as to what might or might not amount to "cause" under the gypsy chasers' terms of hire. In my judgment, the evidence on the right to discharge without cause was so scant and equivocal that the district judge was warranted in refusing the taxpayer's request. See 9 Wright and Miller, Federal Practice and Procedure § 2256 at 662 (1971).

Even if sufficient evidence had been presented to support the requested instruction, the judge's charge adequately covered the substance of that instruction. The judge explained to the jury that if it found that the gypsy chasers were independent contractors, the taxpayer was not liable. He cited numerous factors to be considered in determining whether they were independent contractors or employees. He noted that the degree of control exerted by supervisors over the work is one factor to be taken into account.* It is well settled that if

---

* The relevant portions of the charge are reprinted below:

"In determining whether or not one who renders services is an employee or an independent contractor, no one factor is controlling. Generally, the relationship of employer-employee exists when the person for whom the services are performed has the right to control and direct the individual who performs the services, not only as to the result to be accomplished by the work, but also as to the details and the means by which the result is accomplished; that is, an employee is subject to the will and control of the employer, not only as to what shall be done, but how it shall be done.

In this connection, it is not necessary that the employer actually direct or control the manner in which the services are performed. It is sufficient if he has the right to do so. The absence of any evidence of actual control may properly be considered in determining the existence of the right to control.

You should consider whether the plaintiff has the right to control the number and the frequency of the breaks, how the persons loading or unloading the trucks performed their work, the type of equipment they could use, and their working schedule. If you find that the plaintiff had the right to control such details and the manner and means by which the results were to be accomplished, such a finding by you may indicate an employer-employee relationship. The absence of such elements of control by the plaintiff may support a finding that they were independent contractors or there was an independent contractor relationship existing.

It is the right to control and not whether any control was actually exercised that matters. In other words, it is not necessary that the employer actually direct or control the manner in which the services are performed. Also, the right to control may be more extensive in some instances than in others.

If the plaintiff had the right to assign work to these furniture loaders, to assign to them the place in which their work was to be done, or the right to assign the performance of the work to others, it is an indication that the relationship between the plaintiff and the furniture loaders was one of employer-employee. This is simply another factor in determining whether the plaintiff had the right

the judge's charge sufficiently covers the case, refusal of requested instructions is not error. *Cowen v. Fulton*, 407 F.2d 93 (4th Cir. 1969). In light of the district judge's clear explanation that employees are subject to greater control than independent contractors and his enumeration of the numerous factors the jury must weigh in reaching a verdict, I believe that the district court's charge sufficiently covered the substance of the requested instruction and that the case was fairly tried.

to exercise sufficient control over the activities of the furniture loaders. On the other hand, if the furniture loaders had the right to bring in someone else to do that work for them, this would indicate they were independent contractors.

Whether the relationship of employer and employee exists, in doubtful cases, must be determined upon an examination of the peculiar facts of each case. Among the factors to be considered, in addition to those elements of control, are these:

Whether or not the gypsy chasers are skilled in furniture handling and are, in a real sense, specialists in their work and whether they would require detailed supervision;

Whether there is any degree of permanency in the relationship between Security Storage and the individual gypsy chaser;—

In this regard, you may consider the term and the duration of the relationship.

—Whether or not the one employed is engaged in a distinct occupation or business;

The kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

Whether the employer or the workman supplies the instrumentalities, the tools and the place of work for the person doing the work;—

Generally, an employee is furnished tools, equipment, and place to work by his employer; while an independent contractor generally furnishes his own tools, equipment, and place to work.

—The length of time for which the person is employed;

The method of payment, whether by time or by the job;—

An employee is generally paid on a time or piecework basis; whereas an independent contractor is ordinarily paid an agreed amount or according to an agreed formula basis for a given job.

—Whether or not the work is a part of the regular business of the employer;

Whether or not the parties believe they are creating the relationship of employer and employee, but a designation or description of the relationship by the parties is not controlling;

Whether the principal is or is not in business;

Whether they advertise or generally offered their services;

Whether, as individuals or as a group, they used a business name in dealing with the plaintiff for the purpose of contracting their services;

Whether they listed themselves in any business capacity in any city or telephone directories;

Whether they maintain their own offices;

Whether they procured necessary licenses for the carrying on of the business, or any other evidence tending to show that they were carrying on an independent business as individuals or as a group.

Again, as I pointed out to you, you cannot make the determination in this case upon considering just one factor. You must consider all of the evidence which has been presented in light of the charge which the Court has given you, and then it is for you to decide whether or not the plaintiff is entitled to recover. . . ."