Dolores E. BURKETT, Plaintiff,

v.

**UNITED STATES POSTAL SERVICE, Defendant.**

No. Civ.A. 3:96–CV–34.

United States District Court, N.D. West Virginia.

Jan. 20, 1999.

David M. Hammer, Martinsburg, WV, Harry P. Waddell, Martinsburg, WV, for plaintiff.

Helen Campbell Altmeyer, Wheeling, WV, Lynn D. Poole, Washington, DC, Lawrence D. Rosenberg, Washington, DC, Katherine A. Miller, Washington, DC, Richard C. Lepley, Washington, DC, for defendant.

## MEMORANDUM OPINION AND ORDER

BROADWATER, District Judge.

### I. INTRODUCTION

On the 25th day of September 1998, the above-styled matter came before the Court for consideration of the plaintiff's motion for a new trial (Document Number 152). The parties appeared by their counsel of record and presented oral arguments in support of their respective memoranda of law. After considering the above, the Court is of the opinion that the plaintiff's motion for a new trial should be **GRANTED.**

### II. FACTS

This case came before the Court for a jury trial concerning the plaintiff's claims under the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., in which plaintiff alleged employment discrimination based on disability. As set forth in paragraph 11 of the complaint, the plaintiff claimed that "[a]t all times relevant hereto, the plaintiff was an 'individual with a handicap,' 'had a record of impairment' or was 'regarded as impaired' as

those terms are defined in the Rehabilitation Act of 1973."

At trial, the Court considered the instructions of law submitted by both parties as to the issues of liability as framed by the Rehabilitation Act and applicable regulations. In particular, plaintiff's attorney requested to present claims of both "record of disability" and "perceived disability" to the jury for factual determination, as set forth in Plaintiff's Instruction Number 9.[1]

At trial, counsel for the plaintiff submitted arguments concerning his request for an instruction on "record of disability." The first argument reads as follows:

I am looking right now at Section 29 C.F.R. § 1630.2(k), Record of Substantial Limited Conditioning. And I will just read it for Your Honor, unless you want me to bring it up to you.

The second part of the definition provides that an individual with a record of impairment that substantially limits a major life activity is an individual with a disability. The intent of this provision in part is to ensure that people are not discriminated against because of a history of disability. For example, this provision protects former cancer patients from discrimination based on their prior medical history.

This is Dolores Burkett's situation from the plaintiff's perspective. She has had two prior incidences of DVT.

This provision also ensures that individuals are not discriminated against because they have been misclassified as disabled. For example, individuals—I have already done that.

This part of the definition is satisfied if a record relied on by an employer indicates that an individual has or has had a substantial limiting impairment. The impairment indicated in the record must be an impairment that would substantially limit

---

1. Plaintiff's Instruction Number 9 reads in pertinent parts: The Court instructs the jury that the definition of the term "disability" includes three parts or "stems." Under the law, an *individual with a disability* is a person who has: a physical **impairment** that **substantially limits** one or more major life activities; a **record** of such an impair-

ment; or is **regarded** as having such an impairment. This case involves the second and third stems of the definition "record" and/or "regarded" as having an impairment that substantially limits one or more major life activities. (Emphasis in original).

one or more of the individual's major life activities. There are many types of records that essentially contain this information, including but not limited to, education, medical and employment records.

In this case, Dr. Comer testified during his examination that Dolores Burkett was substantially limited in all of her functional abilities while she was in the hospital. This is just like the record of cancer, and the case is squarely on all fours with the United States Supreme Court decision in the *School Board of Nassau v. Arline*, a TB case in which a person was hospitalized twice before over a long period of time—separated by a long period of time for brief periods of hospitalization, and the employer was concerned that she might be contagious.

Here, Dr. Comer has testified that this is an ongoing disease and that he is concerned that subclinical DVTs are happening at all the time.

Trial transcript, Volume VII, at 10–12.

The second argument for a "record of disability" reads as follows:

. The primary one—what the defendant put on there was [that] Dr. Comer looked at the medical record. That is what his whole concern was, was the record, and he found, he testified, that she was significantly limited in her functional ability.... And he said it was a disease process that was ongoing. That is the hard record....

The temporary conditions are addressed in the reg[ulations]s and there are things like sprains, broken ankles, broken bones, things like that. Here, Comer said it is a disease process. It is continuing. He would never allow her to work....

Dr. Comer testified this is a disease. Dr. Harper testified it is a rare disease. Both of them said it is a continuing process. Both of them talked about damage to the veins, saying damage to the valve, damage to the veins, it could happen again. This is a record of disability.

Trial transcript, Volume VII, at 36–37.

Based upon the defendant's objections as to the inclusion of "record of disability" and after considering oral arguments, the Court denied that part of Plaintiff's Instructions Number 9 and the totality of Plaintiff's Instruction Number 10 as they related to the issue of "record of disability."[2] The Court instructed the jury only as to "perceived disability" by utilizing a modified version of Plaintiff's Instruction Number 9.[3] The Court adopted Defendant's Instruction Number 11 (Perceived disability discrimination—nature of claim), Defendant's Instruction Number 13 (The essential elements of plaintiff's claim), Defendant's Instruction Number 14 (The first essential element: perceived disability), and Defendant's Instruction Number 15 (Perceived disability defined), as modified and as more fully set forth in the record.

### III. DISCUSSION OF LAW

A motion to set aside the verdict and grant a new trial is governed by Fed.R.Civ.Pro. 59 and 61. *Aetna Cas. & Sur. Co., v. Yeatts*, 122 F.2d 350 (4th Cir.1941) sets forth the standard to be followed by this Court in deciding a motion for new trial. In considering a motion for new trial, "it is the duty of the judge to set aside the verdict and grant a new trial, if he is of the opinion that the verdict is contrary to the clear weight of the

---

2. Plaintiff Instruction Number 10, reads in pertinent parts: "As the Court has instructed you, this case involves the second and third stems of the definition of handicap—'Record' and/or 'regarded' as having an impairment that substantially limits one or more major life activities." Record of a substantially limiting condition: This second "stem," record, protects people who have a history of a disability from discrimination, whether or not they currently are substantially limited in a major life activity. *For example:* It·protects people with a history of cancer, heart disease, or other debilitating illnes (sic), whose illnesses are either cured, controlled or in remission. This part of the definition also protects people who may have been *misclassified* or *misdiagnosed* as

having a disability. (Emphasis and quotations in the original).

3. Plaintiff's Instruction Number 9, as modified, and as presented to the jury reads in pertinent parts: The Court instructs the jury that the definition of the term "disability" includes three parts or "stems." Under the law, an *individual with a disability* is a person who has: a physical **impairment** that **substantially limits** one or more major life activities; a **record** of such an impairment; or is **regarded** as having such an impairment. This case involves the third stem of the definition "regarded" as having an impairment that substantially limits one or more major life activities. (Emphasis in original).

evidence, or ... will result in a miscarriage of justice." *Id.* at 352. This standard has been followed with approval repeatedly in the Fourth Circuit. *See, e.g., Gill v. Rollins Protective Services Co.,* 773 F.2d 592 (4th Cir.1985); *Wyatt v. Interstate & Ocean Transport Co.,* 623 F.2d 888 (4th Cir.1980); *Fischer v. U.S.,* 318 F.2d 417 (4th Cir.1963); *Williams v. Nichols,* 266 F.2d 389 (4th Cir. 1959). In addition, granting or refusing to grant a new trial is within the discretion of the trial judge, who should exercise "his own independent judgment, after a weighing of all the evidence and any other pertinent factors, in determining whether the verdict ... would result in a miscarriage of justice." *Williams,* 266 F.2d at 389. Finally, the decision to grant a new trial "is not reviewable upon appeal, save in the most exceptional circumstances." *Aetna,* 122 F.2d at 354.

▇▇▇ In the Fourth Circuit, failure to give appropriate jury instructions has been approved for the basis of granting new trials. When there is evidence from which the jury could draw a reasonable inference as to a plaintiff's theory of recovery, the court must instruct the jury accordingly. *Edwards v. Mayes,* 385 F.2d 369 (4th Cir.1967) (reversing a jury verdict for the defendant for failure to instruct that driving at excessive speed was negligence per se). Failure to give an appropriate instruction is prejudicial error which requires reversal and a new trial. *Edwards,* 385 F.2d at 373.

In *U.S. v. Taylor,* 993 F.2d 382 (4th Cir. 1993), the Fourth Circuit reversed the plaintiff's judgment of conviction because of defective jury instructions that failed to instruct the jury that prosecution for extortion required proof of quid pro quo or in return for official acts. In *Furka v. Great Lakes Dredge & Dock Co. ., Inc.,* 755 F.2d 1085 (4th Cir.1985), the Fourth Circuit found that it was plain error to fail to give a proper rescue instruction in an action for negligence to recover for death of a seaman who drowned while attempting to rescue a fellow employee. The court in *Furka* found that such error required reversal and a new trial. In *Security Storage & Van Co. of Norfolk, Virginia v. U.S.,* 528 F.2d 1166 (4th Cir.1975), the Fourth Circuit found that it was reversible error for the trial court to fail to give the taxpayer's requested jury instruction that the right to discharge a worker without cause is a factor to be considered in determining whether the worker is an employee or an independent contractor.

Plaintiff asserts fourteen grounds of error as the basis for a new trial. The first ground of error asserted is the Court's decision to exclude "record" of disability in the jury instructions.[4] Counsel asserts that the Court erred by failing to instruct the jury upon the second definition of disabled—"record of disability" and *de facto* granting defendant's motion for judgment as a matter of law. Counsel maintains that sufficient evidence was adduced from Dr. Comer, among others, upon which a reasonable fact-finder could have found for plaintiff upon this theory of liability. Plaintiff submits that the Court's decision, based upon its conclusion that there was not "enough evidence," is contrary to Fed.R.Civ.P. 50 which requires that there be no legally sufficient evidence. Therefore, the Court failed to consider the evidence in the light most favorable to the non-moving party.

---

4. The remaining grounds of error in plaintiff's motion for new trial include the following errors incurred by the Court: 2) refusing to allow plaintiff to introduce evidence of the Fall 1996 medical examination (P.S. Form 2485); 3) refusing to allow plaintiff to introduce the P.S. Form 2489 generated during the Fall 1996 medical evaluation; 4) refusing to allow plaintiff to introduce evidence of twelve other applicants classified as "06" disabled under the legal definition of disability; 5) refusing to allow plaintiff to discover and introduce evidence of the Fall 1996 P.S. Form 2485s and P.S. Form 2489s for the other applicants who passed the 1996 medical examination; 6) refusing to allow plaintiff to discover, introduce, and compare medical records of those individuals hired as data conver-

sion operators; 7) refusing to allow plaintiff to rehabilitate Dr. McMahon as to familiarity with the law of the Fourth Circuit; 8) improperly instructing the jury on the meaning of "major life activities;" 9) allowing defendant to display a chart called "Code of Ethics," which was not admitted during trial; 10) refusing plaintiff to read into evidence certain portions of Barry Swinehart's deposition; 11) admitting into evidence a chronological summary of events prepared by the defendant; 12) allowing Rose Hayes to testify as an expert witness; 13) adopting many of the defendant's instructions of law that contained inaccurate, incorrect, incomplete, and misleading statements. The Court relies on its ruling on the record at trial in not granting relief as to these issues.

Had it done so, the plaintiff asserts that the Court would have instructed the jury upon, among other things, the defendant's duty to make reasonable accommodations for the plaintiff and the duty to consider her for other jobs with the United States Postal Service.

 In *School Bd. of Nassau County, Fla. v. Arline,* 480 U.S. 273, 107 S.Ct. 1123, 94 L.Ed.2d 307 (1987), an employment discrimination case brought under the Rehabilitation Act, the Supreme Court expounded on the Congress' definition of handicapped individuals, "so as to preclude discrimination against 'a person who has a record of, **or** is regarded as having, an impairment [but who] may at present have no actual incapacity at all.'" *Id.* at 1126 (quoting *Southeastern Community College v. Davis,* 442 U.S. 397, 405–406 n. 6, 99 S.Ct. 2361, 60 L.Ed.2d 980 (1979)) (emphasis added). Counsel for plaintiff relied on *Arline* to support his argument for the "record of disability" instruction. In *Riemer v. Illinois Dept. of Transp.,* 148 F.3d 800 (7th Cir.1998), the jury was instructed as to two of the three definitions of disability under the American with Disabilities Act. The court instructed both as to "actual disability" and "perceived disability."[5] In reviewing the plaintiff's case as a whole and in consideration of the law set forth above, this Court is now of the opinion that there was ample evidence to support the consideration by the jury of the record of disability issue.

By excluding plaintiff's "record of disability" instruction, the Court concludes that prejudicial error occurred in that this instruction was supported by evidence sufficient for consideration by the jury. The omission to so instruct, given the evidence presented to the jury on "record of disability" was likely confusing on the issue of "perceived disability" as well, resulting in a miscarriage of justice. Therefore, the plaintiff's motion for a new trial will be granted.

### IV. CONCLUSION

The Court, therefore,

### ORDERS

1. That the plaintiff's motion for new trial (Document Number 152) be **GRANTED.**

2. That defendant's bill of costs (Document Number 151) be **DENIED AS MOOT** based on the grant of plaintiff's motion for a new trial.

3. That a telephonic scheduling conference to select a new trial date and pretrial conference be held on *MONDAY, FEBRUARY 22, 1999 at 10:00 a.m.*

The Clerk is directed to transmit a true copy of this Order to counsel of record herein.

---

5. The Fourth Circuit relies on cases interpreting the Rehabilitation Act in reviewing Americans with Disabilities Act claims. *Milton v. Bob Mad-* *dox Chrysler Plymouth, Inc.,* 868 F.Supp. 320, (S.D.Ga.1994).